**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs,*
*Russell Gomm and Laura De La O*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL GOMM and LAURA DE LA O, | Case No.: |
| Plaintiffs, | COMPLAINT FOR VIOLATIONS OF: |
| vs. | (1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692, ET SEQ.; AND |
| WE COLLECT, INC. D/B/A ATLAS FINANCIAL SERVICES, | (2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ. |
| Defendant. | JURY TRIAL DEMANDED |

///
///
///
///
///
///

- 1 -
COMPLAINT

# INTRODUCTION

1. Plaintiffs RUSSELL GOMM and LAURA DE LA O (jointly as "Plaintiffs"), by and through their counsel, bring this action to challenge the actions of WE COLLECT, INC. D/B/A ATLAS FINANCIAL SERVICES ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt purportedly owed by Plaintiffs, causing Plaintiffs to suffer damages.

2. Plaintiffs makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in State of California.

5. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named.

7. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action

to protect consumers against debt collection abuses.

8. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

9. The California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation. In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.

10. All violations alleged regarding the FDCPA and Rosenthal Act are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

11. The "least sophisticated debtor" standard applies to questions of violation of § 1692f. *Wade v. Regional Credit Association*, 87 F.3d 1098, 1100 (9th Cir. 1996). "If the least sophisticated debtor would 'likely to be misled' by a communication from a debt collector, the debt collector has violated the Act." *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007). "The 'least sophisticated debtor' standard is lower than simply examining whether particular

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

- 3 -
COMPLAINT

language would deceive or mislead a reasonable debtor." *Gonzales v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1061-62 (9th Cir. 2011). This objective standard will ensure that the FDCPA protects all consumers, the gullible as well as the shrewd, the ignorant, the unthinking and the credulous. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

## JURISDICTION AND VENUE

12. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k); and 28 U.S.C. § 1367 for substantially related state law claims.

13. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("RFDCPA").

14. Because Defendant conducts business within the State of California, personal jurisdiction is established.

15. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides within this judicial district; (ii) the conduct and harm complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

16. Plaintiffs are each a natural person who reside in the City of San Dimas, County of Los Angeles, in the State of California

17. Plaintiffs are alleged to owe a "debt" as that term is defined by 15 U.S.C. 1692a(5), are each a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and purportedly a "debtor" as that term is defined by California Civil Code § 1788.2(h).

18. Defendant is, and at all times mentioned herein was, corporation registered and formed under the laws of the State of Oregon, doing business as "Atlas Financial Services," with a primary place of business and mailing address located in

Vancouver, Washington. Plaintiffs further allege that at all relevant times herein, Defendant was a self-proclaimed third party debt collection company, conducted business and engaged in debt collection activities in the State of California, including within this judicial district.

19. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a purported "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f), and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**FACTUAL ALLEGATIONS**

22. Sometime before or around September 30, 2022, Plaintiffs allegedly incurred financial obligations to an original creditor, Kerr Properties Inc. (the "Original Creditor"), that were money, property, or their equivalent, which were due or owing, or alleged to be due or owing, from a natural person to another person and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f) (the "Debt").

23. Sometime thereafter, but before November 2022, Plaintiffs allegedly fell

behind on the payments owed on the Debt.

24. Afterwards, the alleged debt was allegedly assigned, placed, or otherwise transferred to Defendant for collection. Thereafter, defendant began contacting Plaintiffs in an attempt to collect upon the Debt on behalf of the Original Creditor.

25. On or around November 29, 2022, Defendant sent Plaintiff Russell Gomm a letter via mail attempting to collect the Debt on behalf of the Original Creditor. This was the first collection communication Defendant sent to Plaintiff Russell Gomm, and provided the following information regarding Mr. Gomm's right to dispute the Debt:

**How can you dispute the debt?**

- **Call or write to us by January 6, 2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
- **If you write to us by January 6, 2023**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.myatlasaccount.com.

**What else can you do?**

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by January 6, 2023, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.myatlasaccount.com.
- **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.
- Contact us about your payment options.
- Póngase en contacto con nosotros para solicitar una copia de este formulario en español.

-WRATFS10-VALIDATION_LETTER_CFPB-01/01/19

26. Concerned by Defendant's collection letter claiming the Debt was owed, on or around December 30, 2022, Plaintiff Russell Gomm sent Defendant a written communication disputing the Debt (the "Dispute"), stating *inter alia,* "I do not owe any amount to Kerr Properties Inc." Plaintiff Russell Gomm sent the Dispute via

Defendant's website at www.myatlasaccount.com, as instructed by Defendant's above-referenced collection communication.

27. Despite Plaintiff Russell Gomm's written Dispute, and Defendant's representation that "If you write to us by January 6, 2023, we must stop collection on any amount you dispute until we send you information that shows you owe the debt," Defendant proceeded with its collection activities against Plaintiffs without responding to Plaintiff Russell Gomm's Dispute, or providing validation, verification, and/or proof of the Debt claimed to be owed.

28. Specifically, less than thirty days after the written Dispute, on or around January 16, 2023, Defendant sent a written collection communication addressed to both Plaintiffs, Russell Gomm and Laura De La O, attempting to collect the Debt from Plaintiffs, and asking Plaintiffs to send payment in full to Defendant.

29. The January 16, 2023 collection communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and constituted "debt collection" as that phrase is defined by Cal. Civ. Code 1788.2(b) and Cal. Fin. Code § 100002(i).

30. The January 16, 2023 collection letter to Plaintiffs was also an "initial communication," consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b), to Plaintiff Laura De La O, as it was Defendant's first collection communication addressed to Plaintiff Laura De La O related to the Debt.

31. Defendant's January 16, 2023 collection letter misrepresented and deceived Plaintiff Russell Gomm regarding his statutory rights under 15 U.S.C. § 1692g(b).

32. Defendant's above-described collection activities, and the January 16, 2023 collection letter, violated 15 U.S.C § 1692g(b) by overshadowing Plaintiffs' right to dispute the Debt and continuing with attempts to collect upon the Debt without providing a response to Plaintiff Russell Gomm's Dispute, or providing any validation, verification, and/or proof of the Debt, seemingly entirely disregarding

Plaintiff Russell Gomm's Dispute.

33. Defendant's above-described collection activities, and the January 16, 2023 collection letter, also violated 15 U.S.C. § 1692g(a)(3)-(5), by failing to provide Plaintiff Laura De La O, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt" a written notice containing the following:

- "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector," as required pursuant to § 1692g(a)(3);
- "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector," as required pursuant to § 1692g(a)(4); and
- "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor," as required pursuant to § 1692g(a)(5).

34. The purpose of 15 U.S.C. § 1692g is to ensure that consumers are made aware of their rights with respect to debt collection activities. *Higgins v. Capital Credit Services, Inc.*, 762 F. Supp. 1128, 1134 (1991). Defendant's January 16, 2023 collection communication, as described above, is likely to mislead Plaintiff Laura De La O, and other least sophisticated consumers or debtors, since it fails to provide notices required pursuant to § 1692g, and misrepresents the right to dispute and the dispute period provided by federal law.

35. In addition, the above-described collection activities, and the January 16,

2023 collection letter, from Defendant, a third-party debt collector, failed to provide a required notice of debtor's rights to Plaintiff Laura De La O, as prescribed in Cal. Civ. Code § 1812.700(a), in the first written notice initially addressed to Plaintiff's California address in connection with collecting the alleged debt by Defendant, pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant in the January 16, 2023 collection letter referenced above is a violation of the California Rosenthal Act.

36. Defendant also further continued with attempts to collect the Debt by making numerous calls to both Plaintiffs from Defendant's phone number 503-286-3606 in January and February 2023 in attempt to collect the Debt from Plaintiffs, after the Dispute and after the January 16, 2023 collection letter, without providing Plaintiff Russell Gomm any validation, verification, and/or proof of the Debt in response to the Dispute, and without providing Plaintiff Laura De La O notice of her rights pursuant to § 1692g of the FDCPA and § 1812.700 of the Rosenthal Act, as described above.

37. Through the above-described collection activities, Defendant violated 15 U.S.C § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiffs. This section of the FDCPA is incorporated into the California Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17 of the California Rosenthal Act.

38. Through the above-described conduct, Defendant violated 15 U.S.C. § 1692e and § 1692e(10) by using false, deceptive, and/or misleading representations and representations or means in connection with its attempts the Debt. These sections of the FDCPA are incorporated into the California Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17 of the California Rosenthal Act.

39. Defendant's above-described conduct violated 15 U.S.C. § 1692f because Defendant utilized unfair and unconscionable means in its attempts to collect the Debt from Plaintiffs. This section of the FDCPA is incorporated into the California Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17 of the California Rosenthal Act.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA and the Rosenthal Act, including every one of the above cited provisions, and the respective statutes as a whole.

41. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiffs have suffered invasion of privacy, mental anguish by way of stress, frustration, anxiousness, and Plaintiffs were deceived, confused, and misled by Defendant's collection communications to Plaintiffs, including the January 16, 2023 collection letter in particular, sent to Plaintiffs without any response, verification, or acknowledgment of the Dispute of the Debt, and without notice of rights available under the FDCPA and the Rosenthal Act.

## CAUSES OF ACTION

## COUNT I

### Violation of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692, et seq. (FDCPA)

42. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs of the Complaint as though fully stated herein.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above- cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

44. As a result of Defendant's violations of the FDCPA, Plaintiffs are each entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 for each

Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### Violation of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692, et seq. (FDCPA)

45. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs of the Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

47. As a result of each and every violation of the RFDCPA, Plaintiffs are each entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 for each Plaintiff pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant, and Plaintiffs be awarded damages from Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of statutory damages of $1,000.00 for each Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- an award of statutory damages of $1,000.00 for each Plaintiff, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to

Cal. Civ. Code § 1788.30(c), against Defendant; and

- Any and all other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

40. Plaintiffs are entitled to, and demand, a trial by jury on all issues so triable.

Dated: January 10, 2024     Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: *s/ Mona Amini*
David J. McGlothlin, Esq.
Mona Amini, Esq.
Gustavo Ponce, Esq.
*Attorneys for Plaintiffs*